IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William Deans, ) | C/A NO.  3:07-3247-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Sheila Lindsey, in official and private ) | |
| capacity; and SCDMH Behavioral ) | |
| Disorders Treatment Program, for ) | |
| declaratory and injunctive relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On December 12, 2008, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on December 31, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff argues in his objections that he has provided this court with examples of legal authority to support his theory that he is entitled to be in the room when photocopies are made of his legal documents. However, the cases cited by Plaintiff are inapposite, as they concern whether prisoners asserted sufficient physical injury in cases dissimilar to the matter before this court. Additionally, Plaintiff's own filings contradict each other. In his complaint, he alleges that copies on the date in question were "for another pending case," and that he needed the copies to allegedly avoid the dismissal of that matter. Compl. at ¶ 11 (Dkt. # 1, filed Sept. 26, 2007). Because the copies were made and provided to Plaintiff, and presumably mailed by him to the particular court, Plaintiff can show no injury of denial of access to the courts. The court agrees with the Report that any assertion of failure to include viable and important defenses because of the alleged copying violation is, at most, speculative.[1] Moreover, in his Reply to Defendants' summary judgment motion, Plaintiff contends that he was "forced to withhold from copying privileged correspondence with both the Court and or to Plaintiff's attorney that Plaintiff did not wish to let the Defendants become knowledgeable of." Replt at 5 (Dkt. # 33, filed Apr. 18, 2008). There is no allegation that

---

[1] Additionally, Plaintiff would have had to know in advance that Lindsey was not going to allow him to be present when the copies were made to have not included those defenses or arguments that he now contends were somehow not included because of their privileged nature.

2

Plaintiff was unable to mail these communications that had not been copied to either his attorney or the courts. Indeed his withholding of "privileged correspondence" from copying negates any alleged violation that Defendant Lindsey conceivably could have committed by not allowing his presence during copying. Plaintiff's other arguments relating to telephone calls and access to a notary are utterly without merit.

Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 20, 2009